UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| HOMERO CONTRERAS, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-04-00566 |
| | § | |
| CMH HOMES INC | § | |
| and | § | |
| CLAYTON HOMES INC | § | |
| and | § | |
| VANDERBILT MORTGAGE AND FINANCE INC | § § | |
| and | § | |
| BENJAMIN JOSEPH FRAZIER | § | |
| and | | |
| KEVIN T. CLAYTON, | | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

The Court has <u>sua sponte</u> undertaken a review of its subject matter jurisdiction in the above-styled action. For the reasons stated herein, the Court REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District Court of Duval County, Texas, where it was originally filed and assigned Cause Number DC-04-332.

**I.   JURISDICTION**

Defendants removed this case alleging federal question jurisdiction under 28 U.S.C. § 1331. This Court determines that it does not, in fact, have jurisdiction over this action.

**II.   FACTS AND PROCEEDINGS**

The above-styled cause of action was filed on October 14, 2004, in the 229th Judicial District Court of Duval County, Texas, where it was assigned Cause No. DC-04-332. Plaintiff Homero Contreras claims that Defendants, as part of a scheme to "defraud the American public,"

forged Plaintiff's signature on a Deed of Trust that "fraudulently conveyed ownership of land situated in Duval County, Texas, to Defendants." (Pl.'s Orig. Pet. ¶¶ 5.1, 5.3.) Plaintiff further claims that Defendants recorded the allegedly fraudulent deed in Duval County "with the specific intent that the documents filed represent valid ownership in the property by the Defendants." (Id. ¶ 5.1)

Plaintiff alleges the following causes of action against the Defendants: 1) filing a fraudulent lien and/or fraudulent claim against real property; 2) civil conspiracy; 3) fraud; and 4) negligence/malice. Plaintiff seeks actual damages caused by Defendants' conduct, court costs, and any punitive and exemplary damages allowed by law.

Defendants removed the action to this Court on November 10, 2004, claiming that Plaintiff has "pled a cause of action (denominated 'civil conspiracy' and 'fraud' in their [sic] section headings) which states no cognizable claim or cause of action under substantive state law." (Defs.' Notice of Removal ¶ 2.) Defendants further claim that Plaintiff "purports to state a claim under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1961 et seq." (Id.) Defendants do not allege diversity jurisdiction, as complete diversity does not exist--Defendant Benjamin Frazier and Plaintiff are citizens of Texas.

## III. DISCUSSION

### A. GENERAL REMOVAL PRINCIPLES

In general, an action is removable to a federal court only if it might have been brought there originally. See, 28 U.S.C. § 1441(a); Avitts v. Amoco Prod. Co., 53 F.3d 690, 693 (5th Cir. 1995). It is well-settled that the removing party bears the burden of showing that the removal was proper. Frank v. Bear Stearns & Co., 128 F.3d 919, 921-22 (5th Cir. 1997). This burden extends to demonstrating the

jurisdictional basis for removal.  <u>Carpenter v. Wichita Falls Indep. Sch. Dist.</u>, 44 F.3d 362, 365 (5th Cir. 1995).  The question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed.  <u>See</u> <u>Pullman Co. v. Jenkins</u>, 305 U.S. 534, 537-38, 59 S.Ct. 347, 348-49 (1939); <u>Miranti v. Lee</u>, 3 F.3d 925, 928 (5th Cir. 1993).  The removal statutes are to be strictly construed against removal; doubts as to removal are resolved in favor of remanding the case to state court.  <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 61 S.Ct. 868 (1941); <u>Leffall v. Dallas Indep. Sch. Dist.</u>, 28 F.3d 521, 524 (5th Cir. 1994).

A defendant may remove a state-court action to federal court only if the action could have been originally filed in federal court.  28 U.S.C. § 1441(a); <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 391-92, 107 S.Ct. 2425, 2429 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Although Plaintiff in this action has filed a Motion to Remand, the Court has determined on its own motion that subject matter jurisdiction does not exist.  <u>See</u> <u>Union Planters Bank Nat'l Ass'n v. Salih</u>, 369 F.3d 457, 460 (5th Cir. 2004)("[F]ederal courts are duty-bound to examine the basis of subject matter jurisdiction <u>sua</u> <u>sponte</u>.").

**B. REMOVAL BASED ON FEDERAL QUESTION JURISDICTION**

District courts have original, federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Federal courts have jurisdiction to hear, originally or by removal, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action, or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

law."  Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2855-56 (1983).

The presence of federal question jurisdiction is governed by the well-pleaded complaint rule.  Gully v. First Nat. Bank, 299 U.S. 109, 112-13, 57 S. Ct. 96, 97-98 (1936); MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002).  The well-pleaded complaint rule establishes that a "plaintiff's properly pleaded complaint governs the jurisdictional determination, and if on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction."  Aaron v. Nat'l Union Fire Ins. Co., 876 F.2d 1157, 1160-61 (5th Cir. 1989)(citation omitted).

Plaintiff's original petition does not allege that Defendants violated the RICO Act or any other federal statute.  Nor does Plaintiff's recovery depend on the resolution of a substantial question of federal law.  Instead, the petition clearly alleges civil conspiracy and fraud, each of which is a cause of action under Texas law.  See Clardy Mfg. Co. v. Marine Midland Bus. Loans, 88 F.3d 347, 359 (5th Cir. 1996)(citation omitted)(setting forth elements of fraud cause of action under Texas law); In re FirstMerit Bank, N.A., 52 S.W.3d 749, 758 (Tex. 2001)(fraud); Peavy v. WFAA-TV, Inc., 221 F.3d 158, 172-73 (5th Cir. 2000)(citing Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 854, 856 (Tex. 1968))(setting forth elements of civil conspiracy under Texas law).  This is not a situation in which an area of federal law completely preempts an area of state law.  See, e.g., Zervas v. Faulkner, 861 F.2d 823 (5th Cir. 1988)(allowing RICO claims and common law civil conspiracy and fraud claims).  Since there is no federal issue pleaded on the face of the Original Petition, there is no federal question and this Court does not have jurisdiction over this

matter.  <u>Aaron</u>, 876 F.2d at 1160-61 (5th Cir. 1989)(citation omitted).

## IV. CONCLUSION

For the reasons stated above, this Court determines <u>sua sponte</u> that it does not have jurisdiction over the above-styled action.  The case is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 229th Judicial District Court of Duval County, Texas, where it was originally filed and assigned Cause Number DC-04-332.  Defendant Kevin Clayton's pending Motion to Dismiss and Alternative Motion to Transfer Venue shall be addressed by the state court.

SIGNED 11/23/2004

Janis Graham Jack
United States District Judge